[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff seeks recovery for injuries she suffered when an automobile owned by the defendant, and operated by an unidentified driver, crashed into the automobile in which she was a passenger.
Summary judgment may enter as to counts one and two of the revised complaint dated November 11, 1993, by agreement of the parties. In addition, summary judgment is granted as to count three. In count three, the plaintiff alleges that the defendant was negligent in that: (1) it failed to adequately supervise its employees so that they would not rent, lease or lend a vehicle to drivers without proper identification and (2) it hired employees who it should have known would improperly rent, lease or lend vehicles without securing the proper identification of the operator. CT Page 3606
In support of its motion for summary judgment, the defendant submitted the affidavit of its employees, Joseph Fico, who attested that: he searched the defendant's records upon notification of the accident involving the defendant's automobile; he did not find a rental agreement for the automobile on the date of the accident; and he interviewed other employees and concluded that it was most likely that the keys had been left in the automobile on the lot and that the automobile was stolen. The defendant also submitted the affidavit of Michelle Lies, Senior Claims Representative for Car Rental Claims Service Company, who investigates claims against the defendant, who attested that based upon her investigation of the claim, she agreed that the automobile was most likely stolen from the lot, and that there was no evidence that the defendant had leased, rented or lent the automobile to the unidentified driver.
In opposition, the plaintiff failed to submit any evidence establishing that the automobile had been leased, rented or lent by the defendant to the identified driver.
Thus, there is no genuine issue of material fact that the defendant did not lease, rent or lend the automobile to the unidentified driver. Accordingly, summary judgement is granted as to count three because there is no genuine issue of material fact that the defendant's alleged negligence did not cause the plaintiff's injury. Furthermore, the plaintiff contends that the defendant was negligent in that it left the key in the automobile on the rental lot, however, the plaintiff has failed to plead such negligence by the defendant.
So Ordered.
Dated at Stamford Court This 4th day of April, 1995.
William B. Lewis, Judge